## CARL HUFFMAN v. STATE.

Nos. A-895, A-896.    Opinion Filed December 18, 1911.

(119 Pac. 644.)

**TRIAL—Absence of Evidence—Instruction to Acquit.** Where there is a total absence of direct or presumptive evidence to sustain the charge, it is the duty of the trial court to instruct the jury to acquit the defendant.

(Syllabus by the Court.)

*Appeal from Kay County Court; Claude Duval, Judge.*

Carl Huffman was convicted of misdemeanor, and brings error.  Reversed.

*Herman S. Gurley,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was tried and convicted upon two indictments, duly transferred from the district court to the county court of Kay county.   Each indictment charged the unlawful possession of one cask of beer with the intention of violating the provisions of the prohibition law.

The state introduced but one witness, the station agent of the Santa Fe Railway Company at Ponca City, who produced a freight delivery receipt for one cask of beer from the railroad company to the Ponca Restaurant Company, signed by K. S. Van Vorhees, and identified the signature thereto.  He also produced an order from the Ponca Restaurant Company, the consignee, to deliver this package to K. S. Van Vorhees, drayman, and testified that the signature thereto was written by one McCarthy, and that he believed that Carl Huffman was connected with the Ponca Restaurant Company.   Cross-examination: "You stated to the jury that you don't know who did constitute the Ponca Restaurant Company of your own personal knowledge? A. No, sir."   Redirect: "Mr. Caldwell: You do not know, of your own personal knowledge, who the king of Siam is, do you?"

This question was as relevant and material to the issue in the case as the testimony offered in support of the charge. We cannot conceive upon what theory the court permitted the freight delivery receipt and the order for the delivery to be admitted and read in evidence. There was no evidence connecting the defendant with the Ponca Restaurant Company, or the order of delivery to the drayman. A witness is required to state knowledge, recollection, or memory of facts in respect to the issue involved, and not his impressions, suppositions, or thoughts. Even if there was evidence tending to connect the defendant with the orders and receipts, this alone would not be sufficient to prove possession as charged. (*Cook v. State, infra.*)

There is no reason given why the drayman, Van Vorhees, was not produced as a witness. To establish the offense charged, there must be proof of the defendant's possession of a barrel of beer. There is a total absence of such proof, either by direct or presumptive evidence. For this reason, it was the duty of the trial court to direct a verdict of not guilty.

The judgments appealed from are therefore reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.